CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
September 22, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MAURICE DARNELL SMITH, | ) |
| Plaintiff, | ) Case No. 7:23-cv-00356 |
| v. | ) **MEMORANDUM OPINION** |
| OFFICER SELFCHECK, *et al.*, | ) By:  Hon. Robert S. Ballou |
| Defendants. | )      United States District Judge |

Plaintiff Maurice Darnell Smith, proceeding *pro se*, filed a civil-rights action under 42 U.S.C. § 1983 against two Virginia Department of Corrections officers, "the Greensville transportation team," and "the doctor" at Keen Mountain Correctional Center stemming from events occurring while Plaintiff was being transported from Greensville, Virginia to Marion Correctional Center. (*See generally* Compl. [ECF No. 1].) The "doctor" Defendant, Deborah Ball, NP, has moved to dismiss Plaintiff's claims against her under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief may be granted. (*See* Def.'s Mot. to Dismiss [ECF No. 26].) For the reasons set forth below, the Court will grant Defendant's motion and dismiss Plaintiff's claims against her.

I.     BACKGROUND

Plaintiff alleges that, on March 29, 2023, he and four other prisoners were transported from Greensville to Marion Correctional Center in a van driven by Defendant Officer Selfcheck. (Compl. 2.) During the transport, Plaintiff was restrained with leg

irons, wrist irons, a black box, and chains with a padlock around his lower back. (*Id.*) The transportation team that day was led by Defendant Officer Faizon. (*Id.*) At the same time Plaintiff was being transported in Selfcheck's van, a second van transported additional prisoners. (*Id.*) Both vans were driving at high speeds during the transport. (*Id.*)

At one point during the drive, Plaintiff fell asleep in the third row seat of the van. (*Id.*) While Plaintiff was asleep, Selfcheck slammed on the brakes, launching Plaintiff from the third row to the front of the van, still wearing all his restraints. (*Id.*) Plaintiff told the other inmates to ask Selfcheck to pull the van over, but he did not pull over for nearly an hour. (*Id.*) When he did pull the van over, Plaintiff was not given any medical attention. (*Id.*)

Plaintiff remained stuck under the seats until the transport van reached Roanoke City jail. (*Id.*) There, Plaintiff was "unraveled" from under the seats and asked if he needed to use the bathroom. (*Id.*) Plaintiff responded that he needed medical attention but he was not given any. (*Id.*) At that time, Plaintiff was experiencing neck pain and stiffness in his lower back. (*Id.*)

The van left Roanoke City Jail and drove for roughly one more hour until it arrived at Marion Correctional Center. (*Id.*) Plaintiff was seen by medical staff at Marion Correctional Center, and they noted "arthritis stiffness" in Plaintiff's neck. (*Id.*) Plaintiff was then returned to the van and sent to Keen Mountain Correctional Center ("KMCC"). (*Id.*) Plaintiff alleges that the doctor at KMCC "said the same thing" but has since "been trying to cover things up." (*Id.*) Plaintiff has requested an MRI of his neck and lower back, but the KMCC staff has refused. (*Id.*)

Defendant Deborah Ball, NP (hereinafter "Defendant"), responding as the KMCC "doctor" listed in Plaintiff's complaint, has moved to dismiss the claims against her under Federal Rule of Civil Procedure 12(b)(6). Defendant's motion is ripe for review.

II.     **STANDARD OF REVIEW**

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint. *Occupy Columbia v. Haley*, 738 F.3d 107, 116 To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To be "plausible," a plaintiff's claim must be supported by factual allegations sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although this "plausibility" standard is not akin to "probability," it does require "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Instead, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557).

"In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011) (citations omitted). Additionally, the court "must accept as true all of the

factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017) (citations omitted). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief' as required by Rule 8." *Iqbal*, 556 U.S. at 679.

### III.   ANALYSIS

Plaintiff filed this action under 42 U.S.C. § 1983, which authorizes a civil action by a citizen deprived of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law. To state a claim under § 1983, a plaintiff must allege both (1) "the violation of a right secured by the Constitution and laws of the United States" and (2) "that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins,* 487 U.S. 42, 48 (1988)).

The court construes Plaintiff's complaint as claiming that Defendant was deliberately indifferent to his medical needs. Plaintiff does not clearly allege whether he was a pretrial detainee or a convicted prisoner at the time of the events described in the complaint. However, because he was being transported to and is currently housed at KMCC, a maximum security prison, the court infers that he was a convicted prisoner at the time of the alleged indifference. Accordingly, his claims arise under the Eighth Amendment's prohibition on cruel and unusual punishment. *See Pfaller v. Amonette*, 55 F.4th 436, 445 (4th Cir. 2022) ("Because 'adequate . . . medical care' is a basic condition of humane confinement, a prison official's 'deliberate indifference to serious medical

needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.'") (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).

To establish a claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment, a prisoner must allege facts sufficient to show that (1) the deprivation was sufficiently serious and (2) the prison officials acted with a sufficiently culpable state of mind toward the prisoner's medical needs. *Id.* (quoting *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008)). To satisfy the second prong, the plaintiff must allege that the official (a) had "actual knowledge of the risk of harm to the inmate" and (b) "recognized that his actions were insufficient to mitigate the risk of harm to the inmate arising from his medical needs." *Id.* (citations omitted). Put simply, a defendant "acts with deliberate indifference if he had actual knowledge of the plaintiff's serious medical needs and the related risks, but nevertheless disregarded them." *Gordon v. Schilling*, 937 F.3d 348, 357 (4th Cir. 2019) (citing *DePaola v. Clarke*, 884 F.3d 481, 486 (4th Cir. 2018)) And although the defendant need not act with "actual purposive intent," "mere negligence" is not enough. *Pfaller*, 55 F.4th at 445 (citation omitted).

Plaintiff's only allegations possibly supporting a claim against Defendant Ball are his vague assertion that she has been "trying to cover things up" and his allegation that she refused to order an MRI. But "[t]he decision to deny [an] MRI amounts to no more than a disagreement about the necessity of an MRI[,] and decisions of medical judgment are not subject to judicial review." *Sublett v. Smith*, No. 7:19-CV-391, 2020 WL 3840429, at *6 (W.D. Va. July 8, 2020) (citing *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975)). "Nor do inmate preferences in treatment enjoy constitutional protection." *Id.*

(citing *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)). The Supreme Court has recognized that "the question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment." *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). "A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment." *Id.* Because Plaintiff's claim for deliberate indifference relies on his disagreement with the course of treatment and diagnostics chosen by Defendant Ball and not any deliberate indifference on her part to a known risk of harm to Plaintiff's health, Plaintiff has not stated a plausible Eighth Amendment claim against Defendant Ball for deliberate indifference to his medical needs.

## IV.    CONCLUSION

For the reasons set forth above, Defendant Ball's motion to dismiss (ECF No. 26) will be **GRANTED**. The Clerk is **DIRECTED** to send a copy of this memorandum opinion and the accompanying order to Plaintiff.

Enter:  September 21, 2025

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge